UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

Shara L. Bras,

Debtor

Chapter 7

Bankruptcy No. 24-00748

## OPINION AND ORDER ON MOTION TO AVOID LIEN

This matter came before the Court for an evidentiary hearing on January 15, 2025, on Debtor's Motion to Avoid Lien (Doc. 15) on real property located at 31671 K42, Hinton, IA 51024 (the "Homestead Property"). Wil Forker appeared for Shara Bras ("Debtor"). Alice Horneber appeared for creditor Donald Wheat. The Court took evidence, heard argument, and took the matter under advisement. Creditor's brief was due on February 5, 2025. Debtor's reply brief was due on February 10, 2025. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. BACKGROUND/STATEMENT OF THE CASE

Debtor claimed the Homestead Property exempt. Wheat did not object to the claim of exemption. Debtor then filed a Motion to Avoid Lien with Donald Wheat (Doc. 15) on November 4, 2024. Wheat filed an Objection to the Debtor's Motion (Doc. 27) on November 19, 2024. After reviewing the filings and record at the

evidentiary hearing, the Court finds that Debtor's Motion to Avoid Lien should be denied, as moot. The reasons are as follows.

## II. FINDINGS OF FACT

On December 11, 2017, Douglas and Shara Bras purchased the Homestead Property, legally described as Lot 3 Ohl's Country Village, a subdivision of part of the NE ¼ of the SE ¼ of Section 23, Township 90 North, Range 46 West of the 5th P.M., Plymouth County, Iowa (Exhibit A). They owned the Homestead Property as joint tenants with full rights of survivorship.

Donald Wheat sued Douglas and Shara Bras for loan repayment in 2019. On April 9, 2019, the Iowa Clerk of District Court in Woodbury County and Plymouth County entered a confession of judgment for $110,000.00 against Douglas and Shara Bras in favor of Donald Wheat. It included an Assignment of Real Estate Interest, signed only by Douglas Bras, which purported to assign "all interest in [the Homestead Property]" to Donald Wheat. On June 7, 2019, the same court entered an Order of Judgment by Confession for Plaintiff Donald Wheat against Defendant Douglas Bras individually and Fremont RV Center in Case Number LACV185619 (Exhibit B). Douglas passed away in 2023 and Debtor became the sole owner of the property (Exhibit A).

Debtor filed her Chapter 7 Petition on August 6, 2024 (Doc. 1). She claimed the Homestead Property exempt, listing a value of $225,000 (Doc. 1 at 24). No

2

objections to the exemption were filed. On Schedule E/F: Creditors Who Have Unsecured Claims, Debtor listed Donald Wheat as a creditor with a claim of $32,307.50 (Doc. 1 at 31). The proceedings on the Motion to Avoid Lien followed.

### III.  CONCLUSIONS OF LAW/DISCUSSION

The filing of a bankruptcy petition and commencement of a case creates a bankruptcy "estate." 11 U.S.C. § 541(a). The estate "is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." Id. § 541(a)(1). Generally, a debtor may exempt certain property from the bankruptcy estate under section 522(d) of the Bankruptcy Code or under state and federal non-bankruptcy law. Id. § 522(b). "A state may 'opt out' of the Bankruptcy Code's § 522(d) exemptions, which Iowa has done." In re Goben, 499 B.R. 326, 328 (B.A.P. 8th Cir. 2013) (citing 11 U.S.C. § 522(b)(2) and Iowa Code § 627.10). Therefore, Iowa homestead exemption law governs this issue.

Debtor claimed the Homestead Property exempt pursuant to Iowa Code § 561.16, which provides that "[t]he homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16. Under Federal Rule of Bankruptcy Procedure 4003, creditors have 30 days to object to claimed exemptions. Fed. R. Bankr. P. 4003(b)(1); Taylor v. Freeland & Kronz, 503 U.S. 638, 639 (1992). "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). Wheat did not object

3

to Debtor's homestead exemption. Therefore, the homestead is exempt. See In re Indvik, 118 B.R. 993, 1004 (Bankr. N.D. Iowa 1990); Matter of Towns, 74 B.R. 563, 566–67 (Bankr. S.D. Iowa 1987).

"However, even if debtors are entitled to exempt property under § 522(l), they are not automatically entitled to avoid a lien on the exempt property." Jencks v. AgVantage FS (In re Jencks), No. 23-09049, 2024 Bankr. LEXIS 1991, at *6 (Bankr. N.D. Iowa Aug. 26, 2024). "The entitlement to an exemption and entitlement to avoid the lien on the exempt property are separate questions." In re Streeper, 158 B.R. 783, 786 (Bankr. N.D. Iowa 1993) (citing Indvik, 118 B.R. at 1004–05). Debtors must prove that they are entitled to lien avoidance under 11 U.S.C. § 522(f)(1). Indvik, 118 B.R. at 1005 ("The debtor seeking lien avoidance has the burden of proof on all issues."). That section provides:

> Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(A) a judicial lien.

11 U.S.C. § 522(f)(1). "In Iowa, a debtor is entitled to claim a homestead exempt from judgment liens, except those based on debt incurred prior to the acquisition of the homestead." In re Nunnally, 2011 Bankr. LEXIS 1052, at *4 (Bankr. N.D. Iowa Mar. 31, 2011) (citing In re Schaefer, 331 B.R. 401, 413 (Bankr. N.D. Iowa 2005) and Iowa Code § 561.21(1)). "[A] judgment lien generally cannot attach to land used and

4

occupied as a homestead and land designated as a homestead generally cannot be executed upon to enforce a judgment lien." Baratta v. Polk Cnty. Health Servs., Inc., 588 N.W.2d 107, 110 (Iowa 1999).

Debtor has shown that she is entitled to the homestead exemption and that Wheat's judgment was not obtained prior to acquisition of the Homestead Property. Under Iowa law, Wheat's judgment lien never attached to the homestead. There is no lien to avoid in this case.

Wheat argues that even if the judgment lien did not attach, the interest in the homestead was assigned to him by Douglas Bras. Debtor argues that the assignment was invalid because it was not a properly executed. Because the assignment was invalid and Wheat's judgment lien never attached, Debtor asserts that Wheat has no interest in the Homestead Property.

Chapter 561 of the Iowa Code provides various protections for homestead interests. See Iowa Code § 561.13. The relevant provision of Iowa Code § 561.13 provides:

> A conveyance or encumbrance of, or contract to convey or encumber the homestead, if the owner is married, is not valid, unless and until the spouse of the owner executes the same or a like instrument, or a power of attorney for the execution of the same or a like instrument

Id. § 561.13. This section prevents either spouse from conveying his or her interest, either voluntarily or involuntarily, for the benefit of creditors or for any other reason without the approval of the other spouse. Id. See also United States v. Bachman, 584

5

F. Supp. 1002, 1004 (S.D. Iowa 1984). In Martin v. Martin, section 561.13 invalidated a conveyance of the homestead made by the husband where the wife did not join the conveyance. 720 N.W.2d 732, 738 (Iowa 2006). Further, in Anderson v. Culbert, the court held that the husband's conveyance of the homestead was void because the wife did not sign the contract, despite the fact that the wife "had knowledge of the trade and encouraged it." 7 N.W. 508, 508 (Iowa 1880). Here, only Douglas Bras, not Debtor herself, signed the Assignment of Judgment by Confession and Assignment of Real Estate Interest (Exhibit A). Therefore, Douglas Bras' assignment of his Homestead Property interest to Wheat was invalid. Because the assignment was invalid, Wheat does not have an interest in the Homestead Property.

The Court, therefore, concludes that Wheat's judgment against Douglas Bras did not attach to homestead property and the Assignment of Real Estate Interest was invalid. Thus, there is no lien to avoid, and Wheat has no other interest in the Homestead Property. The motion to avoid the lien must be denied, as moot.

### IV.  CONCLUSION/ORDER

For the foregoing reasons, Debtor's Motion to Avoid Lien with Donald Wheat is **DENIED**, as moot.

Ordered:
April 22, 2025

Thad J. Collins
Chief Bankruptcy Judge